Brendan A. Melander, SBN034777
**HUSCH BLACKWELL LLP**
2415 E. Camelback Road, Suite 500
Phoenix, AZ 85016
Telephone: (480) 824-7890
Facsimile: (480) 824-7905
Brendan.Melander@huschblackwell.com

Rudolph A. Telscher, Jr., 41072MO*
**HUSCH BLACKWELL LLP**
8001 Forsyth Blvd., Suite 1500
St. Louis, MO 63105
Telephone: (314) 480-1500
Facsimile: (314) 480-1505
Rudy.Telscher@huschblackwell.com

Andrew Landsman, 402293MN*
**HUSCH BLACKWELL LLP**
80 South 8th Street, Suite 4800
Minneapolis, MN 55402
Telephone: (612) 852-2700
Facsimile: (612) 852-2701
Andrew.Landsman@huschblackwell.com

Mark Bhuptani, 5926183NY*
**HUSCH BLACKWELL LLP**
1801 Pennsylvania Ave., NW, Suite 1000
Washington, D.C. 20006 3606
Telephone: 202-378-9310
Facsimile: 202-378-2319
Mark.Bhuptani@huschblackwell.com

* *Pro Hac Vice application forthcoming*

*Attorneys for Plaintiff Conventus Orthopaedics, Inc. d/b/a Conventus Flower*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Conventus Orthopaedics, Inc. d/b/a Conventus Flower,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Fusion Orthopedics USA, LLC,<br><br>　　　　Defendant. | Case No.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

1

Plaintiff Conventus Orthopaedics, Inc. d/b/a Conventus Flower ("Plaintiff" or "Conventus") by and through its attorneys, for its complaint against Defendant Fusion Orthopedics USA, LLC ("Defendant" or "Fusion Orthopedics"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, arising out of Defendant's unauthorized manufacture, use, and/or marketing of products that infringe U.S. Patent Nos. 10,136,929 (the "'929 Patent") and 10,492,838 (the "'838 Patent") (collectively, the "Asserted Patents").

## THE PARTIES

2. Plaintiff Conventus Orthopaedics, Inc. ("Plaintiff" or "Conventus"), is a corporation organized and existing under the laws of Delaware with a principal place of business at 100 Witmer Rd, Suite 280, Horsham, PA 19044.

3. Upon information and belief, Defendant Fusion Orthopedics USA, LLC ("Defendant" or "Fusion Orthopedics") is a corporation organized and existing under the laws of Arizona, domiciled in this district, with a principal place of business at 6859 E Rembrandt Ave #122, Mesa, AZ 85212.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, 35 U.S.C. § 271 *et seq*.

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b) because Defendant has a regular and established place of business in this district and has committed acts of infringement in this district.

7. Defendant Fusion Orthopedics has committed and continues to commit acts of infringement in this District and throughout the United States by making, using,

marketing, and/or importing accused products, including at least the FibFix Nail System, thereby subjecting itself to personal jurisdiction and making venue proper.

## FACTUAL BACKGROUND

**A. The Patent Owner**

8. Plaintiff, Conventus Orthopaedics, Inc., is an established developer of innovative medical devices for the treatment of orthopedic diseases. Founded in 2008 and headquartered in Horsham, Pennsylvania, Conventus has a strong track record of innovation and commercial success in the orthopedic device industry.

9. The company's robust growth and pioneering technologies have positioned it as a leader in the orthopedic implant device market.

10. The company invested substantial research and development resources into advancing and commercializing the Flex-Thread technology. The proprietary and patented Flex-Thread system was successfully commercialized in 2021, as a result, and serves as a core platform and foundation for the company's distal fixation portfolio.

11. Conventus continues to invest in the evolution of this technology and related platforms. In May 2020, Conventus acquired Flower Orthopedics, Inc., a company specializing in single-use, sterile packaged implant and instrument kits used in surgery throughout the United States. This strategic acquisition resulted in the formation of Conventus Flower, which combined the strengths of both companies and further expanded their portfolio of orthopedic technologies.

12. Conventus specializes in the development and commercialization of advanced implants and surgical instruments for the treatment of bone fractures and related orthopedic conditions. Its product portfolio includes the Flex-Thread Distal Fibula Intramedullary Nail, designed for the treatment of fibula fractures and osteotomies, as well as the Flex-Thread Ulna Intramedullary Nail, which provides a minimally invasive solution for the treatment of ulna fractures. In addition to these products, Conventus offers a range of sterile implants and instruments for various surgical indications.

13. Through its commitment to innovation and patient care, Conventus has established itself as a trusted partner for orthopedic surgeons and healthcare providers seeking effective, minimally invasive solutions for bone stabilization and fracture repair. The company's ongoing research and development efforts ensure the continued advancement of its core technologies and the delivery of high-quality, patented orthopedic solutions to the market.

**B. The Asserted Patents**

1. U.S. Patent No. 10,136,929, titled "Flexible Bone Implant," issued on November 27, 2018. A true and correct copy of the '929 Patent is attached as Exhibit A.

2. U.S. Patent No. 10,492,838, titled "Flexible Bone Implant," issued on December 3, 2019. A true and correct copy of the '838 Patent is attached as Exhibit B.

3. The Asserted Patents are in the same patent family and each claims priority benefit, directly or via continuation-in-part, to U.S. Provisional Application No. 62/191,904 (filed July 13, 2015) and U.S. Provisional Application No. 62/238,780 (filed Oct. 8, 2015).

4. Plaintiff Conventus Orthopaedics, Inc. is the assignee of record for the '929 and '838 Patents. True and correct copies of the patent assignments are attached as Exhibit C.

5. Plaintiff is the owner of all right, title, and interest in and to the Asserted Patents, including the right to sue for and recover all past, present, and future damages for infringement thereof.

**C. Overview of the Technology**

6. The Asserted Patents relate generally to orthopedic devices used in surgical bone treatment. Specifically, the claimed inventions relate to the stabilization of bones using an intramedullary device.

7. The Asserted Patents disclose flexible bone implant devices and methods for stabilizing fractures. These devices include a body with an elongated end with screw

4

threads to secure the implant device within the bone. The opposite end has a non-threaded, smooth surface.

**DEFENDANT'S INFRINGING PRODUCTS: THE FIBFIX™ NAIL SYSTEM**

8. Upon information and belief, Defendant Fusion Orthopedics' FibFix Nail System, as designed, manufactured, used, marketed by Defendant, infringes one or more claims of the Asserted Patents, including at least claims 18 and 19 of the '929 Patent, and claims 15 and 20 of the '838 Patent, either literally or under the doctrine of equivalents, as follows:

9. The FibFix Nail System contains infringing features as evidenced by Fusion Orthopedics' marketing materials and product documentation. A true and correct copy of Defendant Fusion Orthopedics' FibFix Nail System document is attached as Exhibit E.

10. Defendant's FibFix Nail System is a bone implant for stabilizing bone fractures. FibFix is described as "a low-profile intramedullary nail system designed for fibular stabilization following fibula fractures and osteotomies."

11. Claim 20 of the '838 Patent states:

> 20. A bone implant for stabilizing bone fractures, the bone implant comprising:
>
> a body defining a longitudinal axis extending between a proximal end and a distal end;
>
> an elongate distal portion of the body having an outer surface defining a continuous distal screw thread, the distal screw thread having a continuous minor diameter, a major diameter, and a pitch; and
>
> an elongate, headless, proximal portion of the body having a smooth outer surface having a diameter, the diameter of the elongate, headless, proximal portion being greater than or equal to the major diameter of the distal screw thread, the

proximal portion having a driver engagement feature centered on and aligned with the longitudinal axis;

wherein the elongate distal portion is operable to bend as it is threaded into a bone to follow a curved path.

12. Claim 20 recites "a body defining a longitudinal axis extending between a proximal end and a distal end." Defendant's FibFix Nail includes a nail body that defines a longitudinal axis extending from its proximal end to its distal end. The product is presented as an intramedullary "nail system," which includes a nail body used intramedullarily and necessarily having a proximal end and a distal end aligned along its length. Defendant associates the nail with "FlexZone™ Technology," described as providing optimized strength and controlled flexibility for dynamic load sharing, consistent with a body along a longitudinal axis designed to flex under load.



Fig. 1 (Ex. D)

13. The FibFix Nail System includes an elongate distal portion of the body having an outer surface that defines a continuous distal screw thread, as required by the

6

claims, and continues to the unthreaded portion of the body. The product literature describes the "Dual Helix Thread Design" that extends along the distal portion of the nail, providing self-tapping and reverse cutting threads for easy insertion and removal.



Fig. 2 (Ex. D)

14. The FibFix Nail System includes an elongate, headless, proximal portion of the body having a non-threaded (smooth) outer surface. According to the Anatomical Distal Design described in Defendant's literature, the proximal portion is specifically designed to be smooth for easier insertion and reduced tissue disruption.



Fig. 3 (Ex. D)

15. The diameter of the elongate, headless, proximal portion of the FibFix Nail System is greater than or equal to the major diameter of the distal screw thread, as required

7

by the asserted claims. Product documentation and sizing information confirm that the proximal portion is manufactured to be at least as large as, or larger than, the major diameter of the distal screw thread. *See, e.g.*, Figs. 1–3.

16.     The FibFix Nail System further comprises one or more passages (holes) formed through the elongate, headless, proximal portion transverse to the longitudinal axis, from a first opening on a surface of the proximal portion to a second opening on the surface of the proximal portion. The "Anatomical Distal Design" and "Universal Syndesmosis (Proximal) Holes" described in the product documentation confirm the presence of such transverse passages for screw insertion.



Fig. 4 (Ex. D)

17.     The FibFix Nail System includes distal nail holes featuring threaded, beveled designs for rigid fixation and minimally invasive insertion, as described in Defendant's product literature. These features are designed to facilitate secure fixation and compatibility with minimally invasive surgical techniques, as claimed. *See* Fig. 4.

18.     The FibFix Nail System is manufactured such that the elongate distal portion is operable to bend as it is threaded into bone to follow a curved path. Defendant's marketing materials specifically highlight the FlexZone Technology and the ability of the nail to provide controlled flexibility and dynamic load sharing, confirming that the product meets these limitations. *See* Figs. 1 and 4.

19.     The FibFix Nail System further includes a driver engagement feature centered on and aligned with the longitudinal axis, as required by at least claim 20 of the

Asserted Patents. The product is designed for easy insertion and removal, which necessarily requires such a driver engagement feature. *See* Figs. 3–4.

20. The FibFix Nail System is made from titanium alloy and available in multiple sizes, as described in Defendant's product literature, further supporting its infringement of the asserted claims. *See* Ex. D.

**COUNT I (Infringement of U.S. Patent No. 10,136,929)**

21. Conventus repeats and incorporates by reference the allegations of paragraphs 1 through 20 as if fully set forth herein:

22. Defendant has infringed and continues to infringe one or more claims of the '929 Patent, including but not limited to claims 18 and 19, by making, using, marketing and/or importing into the United States the FibFix Nail System, in violation of 35 U.S.C. § 271(a).

23. Defendant's infringement has been willful, deliberate, and in disregard of Conventus' rights.

24. Conventus has been damaged by Defendant's infringing activities and will continue to be damaged unless Defendant is enjoined by this Court. Conventus is entitled to recover damages adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty.

**COUNT II (Infringement of U.S. Patent No. 10,492,838)**

25. Conventus repeats and incorporates by reference the allegations of paragraphs 1 through 24 as if fully set forth herein

26. Defendant has infringed and continues to infringe one or more claims of the '838 Patent, including but not limited to claims 15 and 20, by making, using, marketing, and/or importing into the United States the FibFix Nail System, in violation of 35 U.S.C. § 271(a).

27. Defendant's infringement has been willful, deliberate, and in disregard of Conventus' rights.

28. Conventus has been damaged by Defendant's infringing activities and will continue to be damaged unless Defendant is enjoined by this Court. Conventus is entitled to recover damages adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty.

### WILLFULNESS, DAMAGES, AND NOTICE

29. Conventus has suffered damages as a result of Defendant's infringement and is entitled to damages adequate to compensate for such infringement in an amount to be determined at trial, no less than a reasonable royalty, together with interest and costs, and to such other relief as the Court deems just and proper.

30. Conventus will comply with the marking and notice requirements of 35 U.S.C. § 287 and pleads that it provided at least constructive notice of the Asserted Patents by issuance.

### DEMAND FOR JURY TRIAL

31. Conventus demands a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Conventus respectfully requests that the Court enter judgment in its favor and against Defendant and award the following relief:

A. A judgment that Defendant has infringed one or more claims of the '929 Patent;

B. A judgment that Defendant has infringed one or more claims of the '838 Patent;

C. An award of damages adequate to compensate Conventus for Defendant's infringement, in an amount to be determined at trial, but in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest and costs as allowed by law;

D. A judgment that Defendant's infringement has been willful and an award of treble damages under 35 U.S.C. § 284;

E. An award of attorneys' fees and costs under 35 U.S.C. § 285 or as otherwise permitted by law;

F. A preliminary and permanent injunction enjoining Defendant and its officers, agents, servants, employees, and those in active concert or participation with them from further acts of infringement; and

G. Such other and further relief as the Court deems just and proper.

Dated: January 9, 2026                           Respectfully submitted,

By_/s/ Brendan A. Melander_

Brendan A. Melander, SBN034777
**HUSCH BLACKWELL LLP**
2415 E. Camelback Road, Suite 500
Phoenix, AZ 85016
Telephone: (480) 824-7890
Facsimile: (480) 824-7905
Brendan.Melander@huschblackwell.com

Rudolph A. Telscher, Jr., 41072MO*
**HUSCH BLACKWELL LLP**
8001 Forsyth Blvd., Suite 1500
St. Louis, MO 63105
Telephone: (314) 480-1500
Facsimile: (314) 480-1505
Rudy.Telscher@huschblackwell.com

Andrew Landsman, 402293MN*
**HUSCH BLACKWELL LLP**
80 South 8th Street, Suite 4800
Minneapolis, MN 55402
Telephone: (612) 852-2700
Facsimile: (612) 852-2701
Andrew.Landsman@huschblackwell.com

| | |
|---|---|
| 1 | Mark Bhuptani, 5926183NY* |
| 2 | **HUSCH BLACKWELL LLP** |
|   | 1801 Pennsylvania Avenue, NW, Suite 1000 |
| 3 | Washington, D.C. 20006 3606 |
|   | Telephone: 202-378-9310 |
| 4 | Facsimile: 202-378-2319 |
|   | Mark.Bhuptani@huschblackwell.com |
| 5 | * *Pro Hac Vice application forthcoming* |

*Attorneys for Plaintiff Conventus Orthopaedics, Inc. d/b/a Conventus Flower*

12

HB: 4915-4504-6909